AUSA: William Orr Telephone: (989) 895-5712

AO 91 (Rev. 11/11) Criminal Complaint Task Force Officer Cameron Rubio, ATF Telephone: (810) 341-5710

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

United States of America
v.

Jermontae CLARK

Case No. 1:26-mj-30643
Judge: Morris, Patricia T.
Filed: 10-13-2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 15, 2026 in the county of Saginaw in the Eastern District of Michigan, the defendant(s) violated:

| *Code Section* | *Offense Description* |
| --- | --- |
| 21 U.S.C. §841 | Distribution of methamphetamine. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Cameron Rubio, Task Force Officer, A.T.F.
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

*Judge's signature*

Date: October 13, 2026

City and state: Bay City, Michigan

Patricia T. Morris, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Cameron Rubio, Task Force Officer with ATF, being first duly sworn, hereby depose and state as follows:

**EXECUTIVE SUMMARY**

**1.** The Bureau of Alcohol, Tobacco, Firearms, and Explosives is conducting an investigation into the arrest of Jermontae CLARK (XX/XX/XX99) for trafficking methamphetamine. On September 15, 2026, CLARK met with and sold approximately 85 grams of methamphetamine to an ATF Task Force Office (TFO) working in an undercover capacity. CLARK was in violation of 21 U.S.C. 841 – distribution of methamphetamine.

**INTRODUCTION AND BACKGROUND**

2. I am a Task Force Officer (TFO) working for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so since May 12, 2025. I am currently employed by the Michigan State Police (MSP) as a Detective Trooper Specialist and have been a certified Law Enforcement Officer since June of 2020. During my time as Trooper with the Michigan State Police I have completed numerous trainings such as Street Gang Investigations provided by the Northeast Counterdrug Training Center (NCTC), Social Networking provided by NCTC, RAID Entry Training, Ballistic Shield Training, Undercover Narcotics School, Surveillance School, Task Force Officer School, and several other trainings related

to criminal investigation and enforcement activities. I have personally investigated and assisted in numerous cases, which led to search warrants, arrests, prosecutions, and seizure of large quantities of narcotics and firearms. During my time as a TFO with the ATF I have participated in investigations related to the possession and manufacture of firearms and narcotics in violation of federal law.

3. I make this affidavit from personal knowledge based on my investigation into Jermontae CLARK, assistance from other detectives from the Bay Area Narcotics Enforcement Team (BAYANET) and information gained through my review of relevant documents and information related to this investigation. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

4. I am currently investigating Jermontae CLARK, date of birth XX/XX/XX99, for violation of Title 21 U.S.C. §841 – Distribution of methamphetamine.

## PROBABLE CAUSE

5. On September 14, 2026, I, working in an undercover capacity (hereinafter referred to as UCA), had telephonic communication with number (989)239-9349. UCA had previous knowledge that this number to belonged to

Jermontae CLARK. During this conversation, UCA and CLARK agreed to terms of three (3) ounces of methamphetamine for $650.00 in U.S. Currency.

6. On September 15, 2026, UCA again contacted CLARK by telephone to determine a buy location. CLARK initially advised UCA that it was not ready yet and it would be an hour before the meet could occur. UCA later called again and CLARK provided a buy location to UCA. After a short period of time, CLARK called UCA to change buy locations for the meet.

7. After a period of time waiting at the buy location, CLARK called UCA and then pulled into the meet location. It should be noted that the meet location was within the County of Saginaw, Michigan, in Eastern District of Michigan.

8. CLARK then entered the undercover vehicle (hereinafter referred to as UCV). While inside of the UCV, CLARK produced a black bag and provided the bag to the UCA. UCA opened the bag and observed suspected methamphetamine. After looking at the substance, UCA provided pre-recorded buy funds to CLARK and asked CLARK to count out the money. CLARK stated "I trust you" before taking the money and exiting the UCV.

9. After the deal was concluded, I field tested the suspected narcotics and the field test identified the substance as methamphetamine. The methamphetamine was securely stored into evidence.

10. The methamphetamine was submitted to the Michigan State Police Bridgeport Forensic Laboratory. The exam completed on September 17, 2026 provided that the total wight was 83.64 grams (net) +/-0.15 grams and the substance was identified as methamphetamine.

11. Based on the foregoing, I have probable cause to believe that on September 15, 2026, in the Eastern District of Michigan, Jermontae CLARK distributed methamphetamine in violation of 21 U.S.C. 841.

Respectfully submitted,

Cameron Rubio, Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my
presence and/or by reliable electronic means.

HON. PATRICIA MORRIS
UNITED STATES MAGISTRATE JUDGE